911 F.2d 819
 286 U.S.App.D.C. 77
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Orlando LEEPER, Appellant.
 No. 88-3170.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 24, 1990.
 
 Before WALD, Chief Judge, and BUCKLEY and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the proceedings on remand held pursuant to this Court's instruction, the supplemental record thereof returned to this court on July 5, 1990, and the parties' supplemental briefs based upon these proceedings, it is
 
 
 2
 ORDERED, by the Court, that the judgment appealed in United States v. Leeper, No. 88-3170, is affirmed for the reasons set forth in 887 F.2d 317 (1989) and in the attached memorandum.
 
 MEMORANDUM
 I. BACKGROUND
 
 3
 Appellant Orlando Leeper was convicted in the United States District Court for the District of Columbia of one count of conspiring to distribute and to possess with intent to distribute cocaine, 21 U.S.C. Secs. 841(a), 846 (1982), and one count of intentionally possessing with intent to distribute a substance containing cocaine base in a quantity exceeding fifty grams, 21 U.S.C. Secs. 841(a), 841(b)(1)(A)(iii) (1982 & Supp. V 1987). Leeper appealed his conviction, alleging that the trial court impermissibly admitted evidence that he sold crack to an undercover police officer approximately ten weeks after the incidents that formed the basis for the conspiracy and possession with intent to distribute charges. We affirmed the District Court's finding, under Fed.R.Evid. 404(b), that "the evidence of Leeper's subsequent drug sale was relevant to a determination of Leeper's intent, which remained an issue in the case." United States v. Manner, 887 F.2d 317, 322 (D.C.Cir.1989), cert. denied, 110 S.Ct. 879 (1990). However, we remanded the record to the District Court "for an on-the-record determination as to whether the prejudicial effect against Leeper of the evidence of his later crime outweighs its probative value and, if so, whether there is a reasonable possibility that this evidence affected the outcome of the case." Id. at 323. We retained jurisdiction of the case so that, upon review of the District Court's determination of the issue on remand, we could finally decide Leeper's appeal. Id. at 327.
 
 
 4
 On remand, the District Court found that, under Fed.R.Evid. 403, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice and, therefore, that the evidence was properly admitted.[1] We now affirm this finding. Accordingly, we uphold Leeper's conviction.
 
 II. ANALYSIS
 
 5
 As stated in our earlier opinion, "[w]e review a trial court's Rule 403 determinations concerning other crime evidence for 'grave abuse.' Since we examine whether the 'probative value is substantially outweighed by the danger of unfair prejudice,' we lean towards admitting evidence in close cases." United States v. Manner, 887 F.2d 317, 322 (D.C.Cir.1989), cert. denied, 110 S.Ct. 879 (1990) (citations omitted) (emphasis in original). Here we find that the District Court did not gravely abuse its discretion in admitting the evidence of Leeper's subsequent drug sale.
 
 
 6
 On remand, the District Court found the evidence of a subsequent drug arrest probative of Leeper's intent to commit the crime for which he was being tried, and concluded correctly that intent was an element at issue in the instant case. First, Leeper's subsequent drug sale " 'increase[d] the likelihood that he intended to distribute the cocaine bags on which his finger print [sic] appeared' " and "undermined his implicit claim that his fingerprint came to be on the seized package of cocaine innocently." United States v. Leeper, No. 88-0126-03, slip op. at 3 (D.D.C. May 14, 1990) (quoting Manner, 887 F.2d at 321). In addition, "both acts demonstrate familiarity with and knowledge of crack cocaine packaging and trafficking in a particular part of Washington, D.C." Id. at 4.
 
 
 7
 The District Court also found that three factors limited the risk of unfair prejudice and confusion of the issues resulting from admission of the later drug sale. First, in presenting the evidence, the government complied with several guides that we have previously found to limit the risk of unfair prejudice and confusion: (1) it introduced the evidence at the end of its case-in-chief, after the presentation of the evidence directly concerning the charged offenses; (2) it notified the defendant before trial that it intended to introduce the evidence; (3) the prosecutor did not mention the evidence in opening or closing argument; and (4) "[t]he testimony was elicited in a brief and non-inflammatory manner." Id. at 5-6. Second, the evidence of the subsequent drug sale "was relatively easy for the jury to compartmentalize because it did not blur into the evidence of the involvement in the charged conspiracy." Id. at 6. Third, defense counsel not only declined to request a limiting instruction but also opposed giving the jury such an instruction to clarify how it could properly use the evidence. Id.
 
 
 8
 Leeper now argues that the government did not need this evidence of a subsequent drug sale because the jury already had ample evidence from which to infer intent if they believed the testimony of Jackson, Leeper's alleged co-conspirator. Appellant's Supplemental Brief at 4. Leeper therefore concludes that the evidence was more prejudicial than probative. We disagree. Although in some instances evidence of other crimes can be more prejudicial than probative if the government already has substantial evidence to establish a particular element of the charged offense, in this case the only evidence of intent was Jackson's testimony, so that evidence of Leeper's subsequent drug sale was not so cumulative as to be inherently more prejudicial than probative. Given the District Court's findings that the government took precautions to limit the risk of unfair prejudice and confusion, we cannot say that the District Court abused its discretion in admitting the evidence of Leeper's subsequent drug sale. Because we find no error in the admission of this evidence, we affirm Leeper's conviction.
 
 
 9
 It is so ordered.
 
 
 
 [1]
 Because the District Court found that the risk of unfair prejudice did not substantially outweigh the probative value, it did not go on to consider "whether there is a reasonable possibility that this evidence affected the outcome of the case." United States v. Leeper, No. 88-0216-03, slip op. at 7 (D.D.C. May 14, 1990) (quoting Manner, 887 F.2d at 323)